# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LEON MAR´KEL WINSTON, JR.** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 17-290-RAW-KEW |
| | ) |
| **JOE M. ALLBAUGH, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 10). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is attacking his conviction in Sequoyah County District Court Case No. CF-2008-458 for First Degree Murder.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA).

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows Petitioner waived his right to a jury trial in exchange for the State's dismissal of the Bill of Particulars seeking the death penalty. The state district judge presided at Petitioner's non-jury trial, finding him guilty beyond a reasonable doubt and sentencing him to life imprisonment without the possibility of parole. *Winston v. State*, No. F-2011-2, slip op. at 1 (Okla. Crim. App. May 29, 2013) (Dkt. 11-2).

Petitioner filed a timely appeal of his conviction with the Oklahoma Court of Criminal Appeals (OCCA). On May 29, 2013, the OCCA affirmed Petitioner's Judgment and Sentence. *Id.*, slip op. at 17. His conviction, therefore, became final on August 27, 2013, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). The statutory year began to run the next day on August 28, 2013, and it expired on August 28, 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition was filed on July 26, 2017.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a

properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application on September 30, 2013. (Dkt. 11-1 at 12). The OCCA affirmed the denial of relief on March 26, 2015. *Winston v. State*, No. PC-2014-1002 (Okla. Crim. App. Mar. 26, 2015) (Dkt. 11-3). Therefore, Petitioner's deadline for filing this habeas action was extended 543 days from August 28, 2014, until February 22, 2016. *See Maloney v. Poppel*, No. 98-6402, 1999 WL 157428, at *1 n.1 (10th Cir. March 23, 1999) (unpublished) (holding that "tolling calculations should take into account both the day tolling began and the day tolling ended"). Because the petition was not filed until July 26, 2017, more than a year after expiration of the AEDPA statute of limitations, it is time barred.

Petitioner admits his petition is untimely. He claims, however, he could not access the law library to work on his case, because his facility is on lockdown 300 days of the year. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). The Court, therefore, finds Petitioner is not entitled to equitable tolling.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 10) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 9th day of August 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma